## POND, ET AL. V. LOCKWOOD, ET AL.

1. A defendant in chancery has the right at any time before the final hearing, to have a decree *pro confesso* set aside upon filing a full and complete answer. This right will not be lost, because the defendant had previously made an ineffectual effort to set aside the decree *pro confesso*, upon an insufficient answer.

Error to the Chancery Court at Montgomery.

BILL filed by the defendants, against the plaintiffs in error, and a judgment *pro confesso* rendered against them for failing to answer. When the cause was called in its order, the complainants moved for a decree on the bill, which had been previously taken as confessed. The defendant moved to set aside the order *pro confesso*, and offered to file what he supposed to be a full and complete answer. The chancellor was of opinion that the answer was not full and complete, and refused to set aside the order, and to give time to file the answer. On the third day of the term, and before the final decree was rendered, the defendant renewed his motion, and offered to file a full and complete answer, which was refused upon the ground that it was irregular, and inadmissible if the first application was properly rejected.

A final decree being rendered, the defendants prosecute this writ, and assign for error the refusal of the chancellor to permit the answer to be filed.

T. D. WILLIAMS, for plaintiffs in error, cited 9 Ala. 179.

ORMOND, J.—In our judgment the chancellor erred, in refusing to permit the answer in this cause to be filed. The reason assigned by the chancellor is, that he had refused at a previous day of the term to set aside the decree *pro confesso*, and permit an answer to be filed, and he seems to have considered, that this precluded the defendants from afterwards

filing an answer. The statute is peremptory, and declares, that "in all cases before the hearing of the cause, the defendant shall have leave to set aside the order *pro confesso*, by filing a full and complete answer." The fact, then, that the respondents had previously been refused permission to file an insufficient answer, was no reason for refusing afterwards to permit a full and complete answer to be filed, before the hearing of the cause. This right is explicitly, and in terms secured to the defendants, and the chancellor has no discretion to refuse the permission. What effect the filing of an answer would have, to delay a cause, when it was postponed until the cause was ready for a hearing, we need not now consider—the right to file the answer at any time before the hearing, is clear.

For this error the decree must be reversed, and the cause remanded for further proceedings.